UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WARITH DEEN ABDULLAH, | Case No. 2:22-cv-00468-GMN-VCF |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following review of the Petition, the Court will order Petitioner to show cause why it should not be dismissed as untimely.[1]

**I.  FEDERAL LIMITATIONS PERIOD**

Petitioner challenges his 2007 state court judgment of conviction, pursuant to a jury trial, of two counts of burglary while in possession of a deadly weapon and three counts of robbery with use of a deadly weapon in Eighth Judicial District Court Case No. 03C191016. Judgment of conviction was entered on March 30, 2007, and the Nevada Supreme Court affirmed on direct appeal on February 8, 2008. There is no indication that Petitioner filed a petition for writ of certiorari with the United States Supreme Court.

---

[1] Petitioner has filed a motion for appointment of counsel. (ECF No. 1-2.) The Court defers consideration of the motion until after Petitioner has responded to this order to show cause. The Court also notes that Petitioner failed to attach to his Petition a copy of all state court written decisions regarding his conviction.

Petitioner filed a petition for writ of habeas corpus in state court on May 27, 2020. The state district court denied the petition as untimely. The Nevada Court of Appeal affirmed on May 14, 2021, finding that (1) the petition was untimely, and (2) Petitioner failed to establish good cause to excuse the procedural bar. Remittitur issued on June 8, 2021. On or after March 7, 2022, Petitioner dispatched the instant federal habeas petition for filing.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court, on May 8, 2008. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The federal statute of limitations thus began to run the following day, May 9, 2008. Accordingly, the limitations period expired on May 11, 2009.[2]

Although Petitioner filed a state postconviction petition on May 27, 2020, it was filed after the expiration of the federal statute of limitations and thus could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Even if the state habeas petition had been filed before the statute of limitations expired, however, it would not have tolled the limitations period, as the petition was untimely in the state courts and denied as such. An

---

[2] Because the 365th day fell on a weekend, Petitioner had until the following Monday to file his federal petition.

2

untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Therefore, absent another basis for tolling or delayed accrual, the statute of limitations expired on or about May 11, 2009, and the instant petition, filed over 12 years later, is untimely on its face. Petitioner must show cause why the Petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, Petitioner is informed that the one-year limitation period may be equitable tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule,'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2). And Petitioner is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no

juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## II.  OTHER ISSUES

Petitioner's sole ground for relief—Ground 1—alleges that his Fourteenth Amendment right to due process was violated when the state postconviction court failed to conduct an evidentiary hearing which would have developed the record regarding his ineffective assistance of appellate counsel claim. (ECF No. 1-1 at 3.) Petitioner alleges that his appellate counsel never provided—and he never independently received—(1) a notice of his direct appeal, or (2) the Nevada Supreme Court's February 8, 2008, order of affirmance and remittitur. (*Id.* at 5.)

In addition to the threshold timeliness issue addressed above, the Court notes that the Petition has several other possible issues. First, it does not appear that Ground 1 is a federally cognizable claim because "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Second, it appears that Ground 1 is procedurally defaulted because the Nevada Court of Appeals affirmed the denial of Petitioner's state habeas petition as untimely pursuant to Nev. Rev. Stat. § 34.726(1). *See Edwards v. Carpenter*, 529 U.S. 446, 451–54 (2000); *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018) ("Nevada Revised Statutes § 34.726 is an independent and adequate state procedural bar to federal review."). The Court defers consideration of these possible issues until after Petitioner has responded to this order to show cause.

//

//

4

### III. CONCLUSION

It is therefore ordered that Petitioner show cause within 45 days of the date of this order why the action should not be dismissed as untimely. If Petitioner does not timely respond to this order, the Petition will be dismissed with prejudice without further advance notice. If Petitioner responds but fails to show with specific, detailed, and competent evidence why the Petition should not be dismissed as untimely, the action will be dismissed with prejudice.

It is further ordered that all assertions of fact made by Petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the Petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

Dated: April 14, 2022

_____
Gloria M. Navarro, Judge
United States District Court